# MSHA HANDBOOK SERIES



U. S. Department of Labor
Mine Safety and Health Administration
Metal and Nonmetal Mine Safety and Health
Coal Mine Safety and Health
November 2000



EXHIBIT B

Handbook Number: PH00-I-5

## Accident/Illness Investigations Procedures

ACCIDENT/ILLNESS INVESTIGATION HANDBOOK                                    Chapter 3

    State agencies will often conduct their own investigation of the accident. MSHA will coordinate its accident investigation activities with the authorized representatives of the state agency, recognizing the authority and responsibility of the state agency. However, MSHA will conduct its investigation independent of the state agency if a conflict of purpose arises between MSHA and the state.

1.    <u>Immediate Response Contact</u>. Prior to conducting interviews, investigators should solicit information immediately through informal discussions with individuals who may have pertinent knowledge. These discussions should be conducted informally and personally by an MSHA investigator and should focus on the specific circumstances of the accident. The investigator should reduce the results of these informal discussions to writing and place them in the administrative file.

    These informal discussions should be used to identify those witnesses who will be questioned. If a person should refuse to be questioned, information gathered from informal discussions with that person should still be considered.

    Investigators should visit and informally interview anyone hospitalized as a result of the accident as soon as medical authorities permit it.

2.    <u>Interviews</u>. Each witness is to be interviewed separately. Witness interviews are completely voluntary, and a witness may refuse to answer any question or may terminate the interview at any time. Each witness should be advised, prior to commencement of questioning, that he or she has a right to have a personal representative of their choice present during the interview. Each witness should also be advised that he or she may request the opportunity to make a confidential statement, which MSHA will withhold from public disclosure to the extent allowed by law. Each witness should also be told that a record of the interview will be made, and that the record will be made available to the public at the conclusion of the investigation (except where confidentiality is requested).

    Normally, MSHA <u>and</u> the state agency (if any) will jointly conduct the interviews.

    The mine operator and the representative of miners (if any) will be invited to participate. Each party will generally be allowed one representative to attend the interviews. In special cases where technical assistance is needed, MSHA may allow a greater number of representatives to attend.

The number of persons in attendance shall be limited to the minimum needed to conduct an effective interview.

During the course of the interview, the mine operator and the miners' representatives will be permitted to ask questions to follow up on questions by MSHA and the state agency, to expand upon information, or to clarify points made by the witness. If the mine operator or miners' representatives believe that new areas of questioning should be explored, they must submit the proposed questions to MSHA investigators, who will then decide whether to pursue that area of questioning during this interview.

The MSHA team leader has the authority to limit attendance at the interviews to include only MSHA and state agency representatives in unusual circumstances. Factors that the investigator should consider in determining whether to limit attendance in this manner include:

    a. request by the witness for a private interview;

    b. public statements or disclosures from participants that may compromise the integrity of the investigation;

    c. behavior during interviews that could interfere with the effectiveness of the interview process;

    d. indications of disruptive conduct as evidenced during the physical inspection of the mine; or

    e. other factors which may create an atmosphere not conducive to MSHA's carrying out its investigatory responsibilities.

Any one or more of the above factors can result in MSHA's determination that interview attendance will be limited to MSHA and the state. Each witness will always be allowed to be accompanied by a personal representative of his or her choosing.

3. <u>Location of the Interviews</u>. To the extent feasible, interviews should be conducted in a neutral, informal environment, with comfortable seating and lighting, to put witnesses at ease as much as possible. An ideal location would be a neutral room with arm chairs where the participants could be comfortably seated. The superintendent's office or locations such as a courtroom or attorney's office are not ideal, as they may create an atmosphere that would inhibit the witness. Off-mine sites should be considered in the location selection.

When interviews are tape recorded, permission of the witness should first be obtained. The decision of whether to allow the use of additional tape recording devices, such as those of the mine operator, shall rest with the team leader. In general, if tape recording devices are used by MSHA or State agencies, the operator would be permitted to utilize his or her own recording system. In all cases, however, MSHA's record of the interview shall be considered the official record.

Copies of witness statements shall be included in the official accident investigation file and shall be made available to the public at the close of the investigation, unless a witness has requested confidentially. The team leader may, in the public interest, release copies of statements prior to the close of the investigation if it will not impede the remainder of the investigation. However, release of confidential statements is not authorized without the express approval of the Office of the Solicitor.

J.  Public Hearings. A public hearing is the questioning of witnesses under oath in a public forum (members of the general public including the media may be in attendance). Witnesses may appear voluntarily but they may also be compelled by subpoena to appear to answer questions and/or to produce records or other documents in their possession. Because of procedural notice requirements, the public hearing questioning is normally done after the on-site investigation is completed or nearly completed. The witness contacts would be done in the course of the on-site investigation process. Based on all information available, a potential list of witnesses to be called to testify at the public hearing will be developed. The public must be given formal notice of a public hearing, and all persons subpoenaed to appear must receive personal service prior to their scheduled appearance. While the public is free to attend a public hearing, the public is not free to participate in the conduct of the hearing except to the extent permitted by the person chairing the hearing.

  1. Determination to Hold Public Hearing. A public hearing will not be held after every fatal accident, nor necessarily after every major accident. The criteria below are designed to identify those accidents which selectively may pose a situation where a public questioning forum would aid the accident investigation or would provide additional information and insights not available through other means of inquiry. Public hearings may only be scheduled with the concurrence and approval of the Administrator in consultation with the Associate Solicitor of the Division of Mine Safety and Health.

      Accident investigations which should be evaluated for feasibility and possible benefit of public hearing are: