```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                          BECKLEY DIVISION
```

**ESTATES OF WILLIAM I. GRIFFITH and**
**RONALD MAYNOR,**
**and MORELAND & MORELAND,**
**2518 Kanawha Boulevard, Charleston, WV,**
**and UNITED MINE WORKERS OF AMERICA,**
**INTERNATIONAL UNION,**
**18354 Quantico Gateway Drive, Triangle VA,**

        **Plaintiffs,**

**v.**                              **Civil Action No. 2:10-0716**

**JOSEPH MAIN, Assistant Secretary**
**MINE SAFETY AND HEALTH ADMINISTRATION,**
**U.S. Department of Labor,**

        **Defendant.**

**UNITED STATES REPLY TO PLAINTIFFS'**
**RESPONSE TO UNITED STATES MOTION TO DISMISS**

Plaintiffs' briefs are replete with unfounded and inflammatory statements aimed at diverting this Court's attention from the threshold and dispositive issues of sovereign immunity and jurisdiction. Their inaccurate representations and unnecessarily divisive arguments are misleading to the public and do a disservice to those who are suffering in the aftermath of the Montcoal disaster. Accordingly, only Plaintiffs' legal positions will be addressed in this reply.[1]

Plaintiffs' briefs in response to the United States motion to dismiss fail to identify a cognizable cause of action, a waiver of

---

[1] This does not imply that the United States agrees with or admits any of Plaintiffs' factual assertions.

sovereign immunity, or a grant of jurisdiction that would allow them to proceed before this Court. Nonetheless, they ask this Court to take the extraordinary step of enjoining an Executive Branch investigation, mandated by Congress, to determine the cause of the worst mining accident in this nation in 40 years, and to declare that Plaintiffs be permitted to direct the course of the investigation. Plaintiffs demand this injunctive and declaratory relief without providing this Court lawful authority to act. In the absence of such authority, Plaintiffs' complaint must be dismissed.

Plaintiffs make, essentially, two arguments in their attempts to avoid dismissal. First, Plaintiffs argue that their claims should not be dismissed for want of jurisdiction because the issue of sovereign immunity has not been raised in similar litigation. (UMWA response p. 2). It is well established that subject matter jurisdiction cannot be forfeited or waived, and can be raised by a party, or by the Court sua sponte, at any time prior to final judgment. Kirkland v. Kirkland, 600 F.3d 310 (4th Cir. 2010) citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(h)(3). Second, Plaintiffs argue that this Court may assume jurisdiction under the APA. However, Plaintiffs have not brought an action under the APA, and are precluded by the Mine Act from bringing this action under the APA.

Subject matter jurisdiction is the "courts' statutory or constitutional power to adjudicate a case." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998). A question of subject matter jurisdiction may be raised by a party at any point during a proceeding, or raised by the Court sua sponte. Fed. R. Civ. P. 12(h)(3). "Subject matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties." Brickwood Contractors, Inc. v. Datanet Engineering, Inc., 369 F.3d 385 (4th Cir. 2004) citing United States v. Cotton, 535 U.S. 625, 630 (2002). Subject matter jurisdiction can not be altered on the basis of the parties' litigation conduct. United States v. Hartwell, 448 F.3d 707 (4th Cir.), cert. denied, 549 U.S. 938 (2006).

Nonetheless, Plaintiffs argue that the United States has somehow waived sovereign immunity because similar cases have been litigated on the merits in the absence of a jurisdictional challenge. Plaintiffs cite three cases in support of this position.[2] (UMWA response, p. 2). Notably, Plaintiffs concede that MSHA prevailed in each of the three cited actions, and its decision to conduct non-public investigative interviews was uniformly upheld by these courts. (UMWA respond, p. 2) Moreover,

---

[2] Plaintiffs cite Salt Lake Tribune v. Elaine Chao, 2007 WL 2973269, (D. Utah Oct. 9, 2007)- an unpublished memorandum opinion; UMWA v. Martin, 785 F. Supp. 1025 (D.D.C. 1992); and Society of Professional Journalists v. Secretary of Labor et al., 616 F. Supp. 569 (D. Utah 1985), vacated as moot, 832 F.2d 1180 (10th Cir. 1987).

3

there is no indication in any of the cited decisions that the issues of sovereign immunity and its bar to jurisdiction were ever raised.[3] The fact that other courts have addressed the merits of similar cases without consideration of the limits of their jurisdiction does not mean that those courts had jurisdiction, nor does it confer jurisdiction on this Court. When questions of jurisdiction have been passed on in prior decisions sub silentio, a court is not bound when a subsequent case properly brings the jurisdictional issue before it. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 119 & n. 29 (1984), citing Hagans v. Lavine, 415 U.S. 528, 533 n. 5 (1974); See also, Zambrano v. Reinert, 291 F.3d 964, 976 (7th Cir. 2002)("Jurisdictional questions lurking in the record, but unmentioned by a court, remain open to discussion.") Accordingly, not only may this Court consider its jurisdiction to proceed in this matter, it must consider its jurisdiction to act on Plaintiffs' demands. See Bender v. Williamsport Area School District, 475 U.S. 534, 541 (1986).

Plaintiffs assert in their responses to the motion to dismiss that their pending complaint for injunctive and declaratory relief is founded upon the APA. Implicit in this newly formulated

---

[3] Plaintiffs acknowledge that sovereign immunity was not previously addressed: "Even though cases concerning MSHA's post-accident investigation procedures have been litigated in various jurisdictions over several decades, heretofore the government never asserted any claims of sovereign immunity." (UMWA response, p. 2)

position, one not supported by the pleadings, is Plaintiffs' apparent recognition that they have failed to identify a waiver of sovereign immunity, a prerequisite to subject matter jurisdiction. Plaintiffs have not brought an action under the APA, and Plaintiffs cannot bring an action under the APA.

Plaintiffs' complaint cites only 28 U.S.C. §§ 1331 and 2201, and Fed. R. Civ. P. 65, to support their demands for injunctive and declaratory relief.  Plaintiffs do not cite the APA, nor do they seek review of any final agency action.  Rather, they seek an injunction preventing MSHA from conducting its investigation in the manner it deems most effective, and a declaration that MSHA must include them in its investigative interviews and engage them in its investigative process.  Moreover, they admit they are not seeking review of a final agency decision, but rather issues raised by "press release."[4]  (Moreland Brief, p. 10)  Accordingly, Plaintiffs have not brought an action under the APA.

Plaintiffs cannot bring an action under the APA.  The Mine Act contains a specific preclusion of review provision.  Section 507 of the Mine Act provides that "sections 701 to 706 [of the APA] shall not apply to the making of any order, notice, or decision made pursuant to [the Mine Act], or to any proceeding for the review thereof."  30 U.S.C. § 956.  The Court of Appeals for the Fourth Circuit has affirmed that Section 507 precludes APA review

---

[4] Agency press releases are not subject to review under the APA.

and found that sections 701-706 of the APA "shall not apply to any Mine Act review proceedings." <u>Speed Mining, Inc. v. Federal Mine Safety and Health Review Commission</u>, 528 F.3d 310, n.* (4th Cir. 2008).

Despite this binding precedent, and the plain language of the statute, Plaintiffs, nonetheless, argue that this interpretation of the preclusion review provision of the Mine Act is "overly broad." (Moreland response, p. 10). Inexplicably, Plaintiffs cite <u>Oil, Chemical and Atomic Workers International Union v. Zegeer</u>, 768 F.2d 1480 (D.C. Cir. 1985) to support this position. Since the <u>Zegeer</u> court clearly found that such review is unauthorized by the Mine Act, Plaintiffs' citation is confounding and entirely antagonistic to their argument. The <u>Zegeer</u> court recognized Congress's intent to preclude MSHA's investigative decisions from review under the APA, and concluded that MSHA's discretionary authority to conduct accident investigations in the manner it deems most effective, is specially excepted from such review.

> As to the exclusion of the APA's governance specified in 30 U.S.C. § 956, we think it is evident that Congress meant to identify, and **remove from the APA fold**, only the mine legislation's compliance inspection, **accident investigation,** and sanction adjudication regime-orders, notices, and decisions "in a matter other than rule making."

<u>Id.</u> at 486. (Emphasis added). Thus, it is uncontroverted that MSHA's decision to conduct non-public investigative interviews

preliminary to public hearings is within its sole discretion and not subject to judicial review under the APA. Accordingly, Plaintiffs have failed to establish a cognizable cause of action, a waiver of sovereign immunity and a grant of subject matter jurisdiction.

For the reasons set forth herein, and in the United States motion to dismiss and memorandum in opposition to Plaintiffs' motion for TRO and preliminary injunction, Plaintiffs complaint must be dismissed and Plaintiffs; motion for TRO and preliminary injunction must be denied.

    Respectfully submitted,

    CHARLES T. MILLER
    United States Attorney

    **s/Carol A. Casto**
    Assistant United States Attorney
    WV State Bar Number 890
    Attorney for United States
    P.O. Box 1713
    Charleston, WV 25326
    Phone: 304-345-2200
    Fax: 304-347-5443
    E-mail: carol.casto@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 19, 2010, I electronically filed the foregoing REPLY with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Rachel Moreland, Esquire
    Bradley J. Pyles, Esquire
    Charles F. Donnelly, Esquire

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

    Grant Crandall, Esq.
    Judith Rivlin, Esq.
    United Mine Workers of America
    18354 Quantico Gateway Drive
    Triangle, VA  22172-1779

                                          **s/Carol A. Casto**
                                          Assistant United States Attorney